IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **LEWIS LIMITED CONSULTANTS, LLC,** * | |
| **Plaintiff,** * | |
| * | |
| v. * | Case No.: PWG-14-510 |
| **INVISM, INC.,** *et al.,* * | |
| **Defendants.** * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Lewis Limited Consultants, LLC filed suit against InVisM, Inc. ("InVisM") and its Chairman, Steve Weyl; its President, Russ Phelps; its Vice Presidents, Randy Roberts and Rick Schmidt; and its CFO, Mike Ricks, on February 20, 2014. ECF No. 1. Plaintiff amended its complaint to add InVisM's CEO, Spider Marks, as a defendant on June 18, 2014, at which time it had not served any of the defendants. ECF Nos. 4 & 8. Two days later, Plaintiff submitted a Motion to Enlarge Time in Which to Serve Summons upon Defendants, ECF No. 6, which I granted, such that Plaintiff's deadline for service of the Summons and Amended Complaint was August 14, 2014. ECF No. 7. On October 6, 2014, almost two months after the amended deadline expired, Plaintiff submitted a Motion to Enlarge Time in Which to Serve Summons upon Defendants, ECF No. 11, requesting sixty additional days in which to effect service.

A plaintiff has 120 days to effect service pursuant to Fed. R. Civ. P. 4(m). Rule 4(m) provides that if a plaintiff "shows good cause" for failing to effect timely service on a defendant,

"the court must extend the time for service for an appropriate period." When, as here, a plaintiff does not seek additional time for service before the service deadline has expired, it "must also meet the 'demanding standard' of showing that the delay resulted from 'excusable neglect' within the meaning of Rule 6(b)." *Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trs.*, No. DKC-12-3228, 2013 WL 3072373, at *2 n.2 (D. Md. June 17, 2013) (quoting *Knott v. Atl. Bingo Supply, Inc.*, No. JFM-05-1747, 2005 WL 3593743, at *1 (D. Md. Dec. 22, 2005)). Fed. R. Civ. P. 6(b)(1)(B) provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." A showing of excusable neglect "is not eas[]y . . . , nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). The Fourth Circuit has emphasized that "'a district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result.'" *Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (quoting *Thompson*, 76 F.3d at 534 (citation omitted)) (emphasis in *Thompson*) (considering excusable neglect in context of Fed. R. App. P. 4(b)).

> Whether neglect is "excusable" has been described by the Supreme Court as "at bottom an equitable [inquiry], taking account of all relevant circumstances," including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).
> 
> [T]he third *Pioneer* factor—the reason for the delay—is the "most important." *Thompson*, 76 F.3d at 534.

*Fernandes v. Craine*, ---- Fed. App'x ----, 2013 WL 4427809, at *1–2 (4th Cir. Aug. 20, 2013).

In explaining its delay and need for additional time, Plaintiff states that "[a]ll of the Defendants are located in the state of Colorado," but "the registered addresses for Defendants

and their registered agent are no longer current." Pl.'s Mot. 1–2. Plaintiff insists that it has made "diligent attempts to locate and serve all six (6) Defendants." *Id.* at 1. Specifically, Plaintiff hired a process server who "has made numerous attempts to serve the Defendants at their businesses"; identified "Defendants' registered agent, Mr. Russell H. Phelps"; and "went to the address reported as the registered agent," where he encountered not the registered agent but rather "another company." *Id.*

Plaintiff provides an affidavit from the process server that supports the facts in Plaintiff's motion. ECF No. 11-1. Notably, the affidavit was notarized on June 20, 2014, the date of Plaintiff's first motion for additional time, and it is indeed the same affidavit that accompanied the earlier motion. *Compare* ECF No. 6-1, *with* ECF No. 11-1. Plaintiff has not shown that it has made any additional effort to serve Defendants since that date. Also, curiously, the registered agent referenced in the pending motion, Mr. Phelps, is one of the Defendants, such that Plaintiff has been attempting service on him since the inception of this case.

Considering the *Pioneer* factors, although the delay will not prejudice Defendants or impact the judicial proceedings, it is noteworthy that four months now have passed since Plaintiff filed its Amended Complaint and requested additional time to effect service. More significantly, Plaintiff has not shown that it attempted, even once, to serve any of the Defendants during those four months. Thus, Plaintiff has not demonstrated that it has a reason for its delay or that it has acted in good faith. Plaintiff's Motion IS DENIED. *See* Fed. R. Civ. P. 6(b)(1); 4(m).

Moreover, given that it is the responsibility of Plaintiff to effect timely service under federal and local rule service requirements, *see* Fed. R. Civ. P. 4(m); Loc. R. 103.8, and Plaintiff

failed to do so, the Court has no alternative but to consider dismissal of the action. Plaintiff shall be given the opportunity to show cause why the case should not be dismissed.

Accordingly, Plaintiff is ORDERED to SHOW CAUSE by November 5, 2014 why this case should not be dismissed as to the above-named Defendants, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and Loc. R. 103.8.

Date: 10 23 14

/S/
Paul W. Grimm
United States District Judge