IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

LEWIS LIMITED CONSULTANTS, LLC,   *

      Plaintiff,   *

         *

v.   *   Case No.: PWG-14-510

INVISM, INC., *et al.*,   *

      Defendants.   *

*   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

Plaintiff Lewis Limited Consultants, LLC filed its Amended Complaint on June 18, 2014, ECF No. 8, and had 120 days, i.e., until October 16, 2014, to effect service. *See* Fed. R. Civ. P. 4(m); *Price v. Sanders*, 339 F. App'x 339, 339 (4th Cir. 2009) (noting that plaintiff must serve defendant "within 120 days after filing the *amended complaint* or move the district court to extend the 120-day period" (emphasis added)). But, in a procedural wrinkle, on June 20, 2014, 120 days from when Plaintiff filed its *original* Complaint, Plaintiff requested an additional forty-five days to effect service, ECF No. 6, and I granted the motion, extending Plaintiff's deadline to August 14, 2014, ECF No. 7. On October 6, 2014, prior to the actual deadline for service under Rule 4(m), Plaintiff submitted another Motion to Enlarge Time in Which to Serve Summons upon Defendants, ECF No. 11, requesting sixty additional days in which to effect service. Because Plaintiff did not show that it had made any additional effort to serve Defendants since June 20, 2014, when it first requested additional time for service, I denied Plaintiff's motion and ordered Plaintiff to show cause why this case should not be dismissed as to the above-named

Defendants, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and Loc. R. 103.8. ECF No. 13. Plaintiff filed a Response, ECF No. 14, and because Plaintiff now has shown good cause for its delay, I will not dismiss Plaintiff's Amended Complaint but rather extend its time to effect service.

As noted, a plaintiff has "120 days after the complaint is filed" to effect service, but if a plaintiff "shows good cause" for failing to effect timely service on a defendant, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause "requires a showing that the plaintiff 'made reasonable and diligent efforts to effect service prior to the 120–day limit.'" *Hai Xu, LLC v. FMS Financial Solutions, LLC*, No. ELH-10-3196, 2011 WL 2144592, at *2 n.3 (D. Md. May 31, 2011) (quoting *Quann v. White-Edgewater*, 112 F.R.D. 649, 659 (D. Md. 1986)). Thus, a court may find good cause "where the plaintiff has 'taken some affirmative action to effectuate service of process upon the defendant.'" *Tenenbaum v. PNC Bank Nat'l Ass'n*, No. DKC-10-2215, 2011 WL 2038550, at *4 (D. Md. May 24, 2011) (quoting *Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992)).

In its Response to the show cause order, Plaintiff insists that it "did not sit on its hands or act in bad faith," but rather made "multiple service efforts" after June 20, 2014. Pl.'s Resp. 2–3. Unlike in the threadbare motion for extension of time that it filed in October, Plaintiff now asserts that, after its latest failed attempts at the end of August, it did not file the second motion for extension of time promptly because it did not have "a lead . . . or a confirmed location at which to serve the party defendants," and it "decided to further research these defendants and to locate them." *Id.* In support, Plaintiff provides the June 20, 2014 affidavit it previously provided, as well as new affidavits from the process server, dated November 5, 2014 and accompanied by invoices stating that the jobs were completed on August 28, 2014. *Id.* Exs. 1–4,

2

ECF No. 14-1.  In one affidavit, the process server stated that "[o]n August 29, after multiple attempts, [his] agent interviewed the occupant of the home at [which he was trying to effect service on Defendant Steve Weyl], who stated that he did not know the defendant." *Id.* Ex. 2.  In additional affidavits, the process server stated that he attempted to serve Defendants Rick Schmidt, Randy Roberts, and Mike Ricks at the address at which prior attempts at service had been unsuccessful.  *Id.* Ex. 3.  It is clear that Plaintiff took "some affirmative action" to serve Defendants since its initial motion for additional time.  *See Tenenbaum*, 2011 WL 2038550, at *4 (citation omitted).   Therefore, Plaintiff has shown good cause, and Plaintiff is granted sixty additional days from the date of this Memorandum and Order in which to effect service of process.

Accordingly, it is hereby ORDERED that Plaintiff has until _February 2_, 2015 to serve the Amended Complaint and the Summons on Defendants.

Date: _12 02 14_

_/S/_
Paul W. Grimm
United States District Judge